UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
EUGENIA VI VENTURE HOLDINGS, LTD.,           :
                                             :
                        Plaintiff,           :
                                             :    07 CIV 9417
        - against –                          :    (Batts, J.)
                                             :    (Eaton, M.J.)
MAPLEWOOD EQUITY PARTNERS, L.P.,             :
                                             :
                        Defendant.           :
------------------------------------------------------------------ x

## AFFIDAVIT OF ROBERT REALE IN SUPPORT OF
## MOTION TO DISQUALIFY GIBSON DUNN & CRUTCHER,
## DENNIS FRIEDMAN, SCOTT KISLIN, DAVID WILF, AND HYEON LEE

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF MIAMI-DADE    )

I, ROBERT REALE, hereby swear as follows:

1.      I am over 18 years of age and competent. I make this Affidavit based on my personal knowledge.

2.      I am an employee of MapleWood Partners, L.P. ("MapleWood"). Affiliates of MapleWood hold a majority of the membership interests in defendant MapleWood Equity Partners ("MapleWood Equity") as well as AMC Investors, LLC, and AMC Investors II, LLC (the "AMC Investors Entities"). I also was a director of AMC Computer Corporation ("AMC Computer") from approximately May 9, 2001 to May 6, 2005.

3.      The AMC Investors Entities are parties to a Credit Agreement dated as of January 30, 2003 (the "Credit Agreement"), between AMC Computer and Eugenia VI Venture Holdings, Ltd. ("Eugenia"). AMC Computer entered into two different credit facilities with Eugenia. The first credit facility was paid in full.



{M2622999;2}

4. In my capacity with AMC Computer, I have had numerous dealings with Gibson Dunn & Crutcher LLP and its attorneys ("GD&C") related to the AMC Investors Entities and AMC Computer.

5. When I joined MapleWood in late 2000, Chadbourne & Parke represented MapleWood, AMC Investors, LLC, and AMC Computer. At about the same time that I became involved with AMC Computer, the attorneys responsible for this representation moved en masse to GD&C. These attorneys included Dennis Friedman, Scott Kislin, David Wilf, Hyeon Lee, and others. I personally had frequent dealings with Messrs. Kislin and Lee.

6. These attorneys are still involved in this matter. I have reviewed the website of GD&C at www.gibsondunn.com. As of November 19, 2007, that website still lists Messrs. Friedman and Wilf as employed at Gibson Dunn. I understand that Lee now works directly for Casita LP ("Casita") and its affiliate Eugenia, based on an affidavit that I saw him file in related litigation listing his position as an executive with Eagle Advisors, Inc.

7. GD&C represented AMC Investors II, LLC, and MapleWood in an equity investment in AMC Computer in April 2001. Once again, GD&C actually <u>created</u> AMC Investors II, LLC, and drafted all of its organizational documents. This representation was not insubstantial; the equity investment made by AMC Investors II, LLC, amounted to $3.4 million.

8. During 2000 and 2001, these GD&C attorneys served as general outside counsel for the AMC Investors Entities and AMC Computer. I had numerous dealings with these attorneys during the course of that representation, and imparted confidential information to such attorneys with the expectation that those attorneys would treat our communications as subject to the attorney-client privilege. Mr. Kislin was a partner. While at GD&C, both Mr. Lee and he frequently provided me with legal strategies, developed in conjunction with other firm attorneys.

Their work was far from ministerial. GD&C's bills reflect this work. Without divulging details of our communications or waiving the attorney-client privilege, our communications included legal advice concerning the structure, operation of, and relationship between the AMC Investor Entities and MapleWood Equity. Without divulging details of our communications or waiving the attorney-client privilege, I believe that I discussed matters with the GD&C attorneys that are directly relevant to issues in this litigation. I am available to provide more detail about the substance of our communications, *in camera*, if requested by the Court.

9. In September 2002, when AMC Computer began negotiating the Credit Agreement with Eugenia, Eugenia desired that GD&C represent it in that matter. Ekkehart Hassels-Weiler made this request to me. AMC Computer was represented by Greenberg Traurig at that point in time. Before undertaking the representation, GD&C asked for AMC Computer and MapleWood to execute a conflict waiver on behalf of themselves and all affiliates.

10. On September 19, 2002, I received a conflict waiver agreement drafted by GD&C (the "Conflict Waiver Agreement"), which was executed by MapleWood and AMC Computer on behalf of all themselves and all affiliates. The Conflict Waiver Letter also was addressed to Casita L.P., an affiliate of Eugenia. A true and correct copy of the Conflict Waiver Agreement is attached hereto as Exhibit "A." I do not have a fully executed copy of the Conflict Waiver Agreement, but assume that GD&C has such a fully executed version in its files, and have seen documents produced in litigation that confirm that the agreement was fully executed. To my knowledge, no one from GD&C ever contacted the AMC Investors Entities or MapleWood Equity to request permission to modify the terms of the Conflict Waiver Agreement or to file this lawsuit.



11. As part of the Conflict Waiver Agreement, GD&C specifically agreed that it would not represent Eugenia in any litigation concerning the Credit Agreement:

> In the event that any litigation or dispute resolution proceedings should arise among MapleWood, Casita and AMC in connection with the Transaction, we would not act as counsel to any of such parties.

The "Transaction" referred to in the Conflict Waiver Agreement was the restructuring of AMC Computer's debt.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ROBERT REALE

STATE OF FLORIDA      )
                     ) ss:
COUNTY OF MIAMI-DADE  )

The foregoing instrument was sworn to and subscribed before me this 20th day of November, 2007, by _____, who is personally known to me or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)



CARMEN B. LIMA
Notary Public - State of Florida
My Commission Expires Feb 26, 2010
Commission # DD 497619
Bonded By National Notary Assn.

# EXHIBIT A

OCT-13-05  01:50PM  FROM-AKERMAN SENTERFITT & EIDSON      +3053745095           T-862  P.07/10  F-581

# GIBSON, DUNN & CRUTCHER LLP
## LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

bbccker@gibsondunn.com

September 19, 2002

Direct Dial
(212) 351-4062
Fax No.
(212) 351-6202

Client No.
C 35758-00002

**VIA OVERNIGHT MAIL**

Robert J. Reale
MapleWood Partners LP
255 Aragon Avenue
Suite 300
Coral Gables, FL 33134-5008

Ekkehart Hassels-Weiler
Eagle Advisors, Inc.
3628 Holboro Drive
Los Angeles, CA 90027

Re: *Conflict of Interest Waiver*

Gentlemen:

    As you may know, Gibson, Dunn & Crutcher LLP ("GD&C") has been asked to represent Casita, L.P. in connection with a proposed restructuring (the "Transaction") of AMC Computer Corp. ("AMC") currently being contemplated by MapleWood Partners LP and its affiliates ("MapleWood") and Casita, L.P. As you know, GD&C also represents MapleWood in a number of matters unrelated to the Transaction and certain attorneys at GD&C have represented MapleWood in connection with its initial acquisition of AMC as well as certain subsequent matters related to AMC. In addition, GD&C has represented affiliates of Casita, L.P (Casita, L.P. together with its affiliates, "Casita") in a number of matters unrelated to the Transaction. We anticipate that our representation of MapleWood and Casita will continue for the foreseeable future.

    Our representation of Casita in the Transaction presents a conflict of interest given our representation of MapleWood in other matters. Although this conflict of interest exists, we firmly believe we can fully and competently perform our role as counsel for Casita in connection

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER



EXHIBIT A

OCT-13-05  01:50PM   FROM-AKERMAN SENTERFITT & EIDSON         +3053745095         T-962   P.08/10   F-581

## GIBSON, DUNN & CRUTCHER LLP

Robert J. Reale
Ekkehart Hassels-Weiler
September 19, 2002
Page 2

with the Transaction without our judgment being impaired by any such conflict. We likewise firmly believe that any representation of Casita in this connection will not interfere in any way with our ability to continue to fully and competently represent MapleWood in various unrelated matters. Nevertheless, the interests of MapleWood and of AMC are adverse to those of Casita and, under the ethical standards that govern the legal profession, GD&C is required to bring these matters to the attention of MapleWood, AMC and Casita and to obtain the written consent of each.

This letter is to confirm that MapleWood, AMC and Casita consent to GD&C's representation of Casita in connection with the Transaction. Without limiting the generality of the foregoing, this letter is to confirm that MapleWood, AMC and Casita consent and acknowledge that the GD&C lawyers who may work on the Transaction may include, among others: Hyeon Lee, Esq. and Rashida La Lande, Esq.

In the event that any litigation or dispute resolution proceedings should arise among MapleWood, Casita and AMC in connection with the Transaction, we would not act as counsel to any of such parties.

If you understand the actual and potential conflicts of interest raised by our representation of Casita in connection with the Transaction and, nonetheless, consent to our representation of Casita on the terms outlined above, please date and sign in the appropriate space below and kindly and return it to me. You are free to consult other counsel about this conflict waiver and, if you have any questions or concerns, you should do so.

If you have any questions at all, please do not hesitate to call me.

Very truly yours,

Barbara L. Becker

OCT-13-05  01:50PM    FROM-AKERMAN SENTERFITT & EIDSON        +3053745095          T-962  P.09/10  F-581

## GIBSON, DUNN & CRUTCHER LLP

Robert J. Reale
Ekkehart Hassels-Weiler
September 19, 2002
Page 3

Acknowledged and agreed, as of September ___, 2002:

MAPLEWOOD PARTNERS, LP
    on behalf of itself and its affiliates
By MapleWood Holdings LLC, its general partner

By: _____
    Name:
    Title:

Acknowledged and agreed, as of September ___, 2002:

AMC COMPUTER CORP.

By: _____
    Name:
    Title:

Acknowledged and agreed, as of September ___, 2002:

CASITA, L.P.
    on behalf of itself and its affiliates

By: _____
    Name:
    Title:

80234197_1.DOC