UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
EUGENIA VI VENTURE HOLDINGS, LTD.,                      :
                                                        :
                         Plaintiff,                     :
                                                        :           07 CIV 9417
          - against –                                   :           (Batts, J.)
                                                        :           (Eaton, M.J.)
MAPLEWOOD EQUITY PARTNERS, L.P.,                        :
                                                        :
                         Defendant.                     :
------------------------------------------------------------------ x

## DECLARATION OF CHESTER B. SALOMON IN SUPPORT OF MOTION TO DISQUALIFY GIBSON, DUNN & CRUTCHER LLP, DENNIS FRIEDMAN, SCOTT KISLIN, DAVID WILF AND HYEON LEE

CHESTER B. SALOMON, an attorney duly admitted in the courts of New York and before this Court, hereby declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a member of the firm Stevens & Lee, P.C., counsel to defendant MapleWood Equity Partners, L.P. ("MapleWood Equity").[1]

2. I am familiar with all the facts and the circumstances set forth herein and submit this declaration in support of MapleWood Equity's motion to disqualify Gibson, Dunn & Crutcher LLP ("GD&C"), Dennis Friedman, Scott Kislin, David Wilf and Hyeon Lee from representing plaintiff Eugenia VI Venture Holdings, Ltd. ("Eugenia") in this action, and for such other relief as the court deems just and proper.

3. A true and correct copy of the Amended and Restated Credit Agreement, dated as of January 30, 2003, Among AMC Computer Corp. as Borrower, The Other Credit Parties

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the Motion to Disqualify.

Signatory Hereto, As Credit Parties, and Eugenia VI Venture Holdings, Ltd., as Lender, is annexed hereto as Exhibit "A."

4. A true and correct copy of the Guaranty, dated January 30, 2003, by AMC Investors, LLC and AMC Investors II, LLC in favor of Eugenia VI Venture Holdings, Ltd., is annexed hereto as Exhibit "B."

5. A true and correct copy of Eugenia's June 6, 2005 complaint filed against MapleWood affiliates and the AMC Investors Entities in an action styled *Eugenia VI Venture Holdings, Ltd. v. AMC Investors, LLC and AMC Investors II, LLC*, Case No. 05-CV-5362, United States District Court, Southern District of New York (the "First Guaranty Action"), is annexed hereto as Exhibit "C."

6. A true and correct copy of Eugenia's September 8, 2005 complaint filed against the AMC Investors Entities in an action styled *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC and AMC Investors II, LLC*, New York Supreme Court, New York County, Index No. 603193/2005 (the "Second Guaranty Action"), is annexed hereto as Exhibit "D."

7. On January 4, 2006, Eugenia filed suit in state court against MapleWood Equity, alleging that MapleWood Equity was the alter ego of the AMC Investors Entities, and seeking to enforce the AMC Investors Entities guaranty against MapleWood Equity, in the action styled *Eugenia VI Venture Holdings, Ltd. v. MapleWood Equity Partners, L.P.*, Index No. 600021/06, New York Supreme Court, New York County (the "First Alter Ego Action"). A true and correct copy of the complaint filed in the First Alter Ego Action is annexed hereto as Exhibit "E."

8. After MapleWood Equity filed its motion to dismiss the First Alter Ego Action and to disqualify GD&C, Eugenia attempted to voluntarily dismiss the action, without prejudice. MapleWood Equity objected to the "without prejudice" dismissal because Eugenia had waited to

dismiss the action until <u>after</u> MapleWood Equity had expended significant sums on a motion to dismiss and motion to disqualify. On April 20, 2006, the court dismissed the First Alter Ego Action, <u>with</u> prejudice. Eugenia appealed the "with prejudice" aspect of the dismissal, and ultimately obtained an order directing that the dismissal should be without prejudice.

9. A true and correct copy of the February 21, 2006 Order disqualifying GD&C in *Casita, L.P. v. MapleWood Equity Partners (Offshore) Ltd.*, Supreme Court of the State of New York, New York County, Index No. 603525/2005 (Fried, J.S.C.) (the "Related Action"), is annexed hereto as Exhibit "F."

10. A true and correct copy of the transcript of the November 10, 2005 hearing on the motion to disqualify GD&C and the individual attorneys, held in the Related Action, is annexed hereto as Exhibit "G."

11. A true and correct copy of the Affirmation of Scott Kislin, dated October 31, 2005, in support of Casita's opposition to the motion to disqualify GD&C and the individual attorneys in the Related Action, is annexed hereto as Exhibit "H."

12. A true and correct copy of the Declaration of Barbara Becker, dated October 24, 2005, in support of Casita's opposition to the motion to disqualify GD&C and the individual attorneys in the Related Action, is annexed hereto as Exhibit "I."

13. A true and correct copy of the New York Supreme Court, Appellate Division, First Department's November 9, 2006 order and decision affirming the disqualification of GD&C and the individual attorneys in the Related Action, is annexed hereto as Exhibit "J."

14. A true and correct copy of the New York Supreme Court, Appellate Division, First Department's January 25, 2007 order and decision denying Casita's motion for leave to further appeal the November 9, 2006 order, is annexed hereto as Exhibit "K."

SL1 767663v1/070021.00007

15. A true and correct copy of the December 5, 2006 order of the Appellate Division, First Department of the Supreme Court of New York, that unanimously reversed the $8.2 million judgment against the AMC Investors Entities in the Second Guaranty Action, vacated the judgment, and remanded the case for a trial on damages, is annexed hereto as Exhibit "L."

16. After a bench trial on damages in June 2007, a $10,710,455.00 judgment was entered against the AMC Investors Entities in the Second Guaranty Action on June 20, 2007. The AMC Investor Entities have again appealed the amount of the judgment to the Appellate Division, First Department of the Supreme Court of New York, and the appeal is due to be perfected in April 2008.

17. A true and correct copy of an excerpt of deposition testimony of Ekkehart Hassels-Weiler, is annexed hereto as Exhibit "M."

18. A true and correct copy of the privilege log produced by Eugenia on January 30, 2006, in related federal court actions regarding AMC Computer, is annexed hereto as Exhibit "N."

19. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 27, 2007

_____
Chester B. Salomon

SL1 767663v1/070021.00007