# EXHIBIT H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - x
CASITA, L.P.,                        :
                                     :
            Plaintiff,               :    Index No. 603525/05
                                     :
    -against-                        :
                                     :
MAPLEWOOD EQUITY PARTNERS            :
(OFFSHORE) LTD.                      :
                                     :
            Defendant.               :
- - - - - - - - - - - - - - - - - - x

**AFFIRMATION OF SCOTT A. KISLIN IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY GIBSON, DUNN &
CRUTCHER LLP, DENNIS FRIEDMAN, SCOTT KISLIN, AND HYEON LEE**

SCOTT A. KISLIN, an attorney duly authorized to practice
law before the Courts of this State, hereby affirms the
following under penalty of perjury, pursuant to CPLR 2106:

1.    I am a member of the law firm of Gibson, Dunn &
Crutcher LLP ("Gibson Dunn"), counsel to plaintiff Casita, L.P.
I respectfully submit this Affirmation in Support of Plaintiff's
Opposition to Defendant's Motion to Disqualify Gibson, Dunn &
Crutcher, LLP, Dennis Friedman, Scott Kislin and Hyeon Lee.
Unless otherwise stated in this Affirmation, I have personal
knowledge of the facts set forth herein.

2.    Until September 2000, I was affiliated with the law
firm of Chadbourne & Park LLP ("Chadbourne"). Since that time,
I have been with Gibson Dunn.

**MapleWood**

3.    MapleWood Partners LP ("MapleWood") is a former client of Gibson Dunn, but not a current client.  Gibson Dunn represented MapleWood in certain general corporate and personal matters unrelated to this action, none of which involved litigation matters, as more fully described below.  I have not worked on any MapleWood-related matters for almost two years.

4.    Through September of 2000, Dennis Friedman, Hyeon Lee and I,[1] while affiliated with our former law firm, Chadbourne, represented MapleWood in connection with its initial investments in AMC Computer Corp. ("AMC") (the "MapleWood Investments") and, in this regard, helped MapleWood analyze issues with respect to the Credit Agreement dated as of August 25, 2000, among AMC, General Electric Capital Corporation, Key Corporate Capital Corporation, AMC Investors LLC and AMC Computer Corp. (NJ).

5.    In late 2000 and in 2001, Dennis Friedman, Hyeon Lee and I, while affiliated with Gibson Dunn, advised MapleWood with respect to discrete follow-up corporate matters related to the

---

[1] Dennis Friedman is a member of Gibson Dunn.  Hyeon Lee was an associate with Chadbourne and later with Gibson Dunn.  Mr. Lee currently works for Eagle Advisors, Inc.  Eagle provides various services to plaintiff, including financial advisory services.

2

initial acquisition of the MapleWood Investments, including the aforementioned analysis of the GE Agreement.

**Defendant**

6.    MapleWood is the manager of defendant, which was a holder of some of the common stock of AMC.

**Plaintiff**

7.    To the best of my knowledge, plaintiff has been a client of Gibson Dunn since about 2002.  Plaintiff is a shareholder of defendant.

**This Lawsuit**

8.    I am told that in October 2005, plaintiff commenced this action against defendant for breach of contract, a declaratory judgment, and preliminary and permanent injunctions relating to defendant's improper capital call to plaintiff.

9.    I have not been involved in Gibson Dunn's representation of plaintiff in this action or any pending litigation other than to answer factual questions put to me by Gibson Dunn litigators about the relationships, if any, between plaintiff and various MapleWood entities.

10.    To the best of my knowledge, neither I nor anyone at Gibson Dunn obtained any information, confidential or otherwise, about defendant (or any other matters) from Gibson Dunn's or Chadbourne's representations of MapleWood and/or plaintiff that would be relevant to the instant action.

3

11.   I affirm that the foregoing is true and correct.

Dated:   October 31, 2005
         New York, New York


                              _____
                              Scott A. Kislin


NY 80335780.5

4

# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
EUGENIA VI VENTURE HOLDINGS,      :
LTD.,                             :
                                  :
          Plaintiff,              :   05 Civ. 7262(DC)
                                  :
     -against-                    :
                                  :
ROBERT V. GLASER, BURTON C.       :
GLOSSON, GLEN DELL, RON           :
AUGUSTIN,                         :
                                  :
          Defendants,             :
                                  :
and                               :
                                  :
AMC COMPUTER CORP.,               :
                                  :
          Nominal Defendant.      :
- - - - - - - - - - - - - - - x

**DECLARATION OF BARBARA L. BECKER IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISQUALIFY GIBSON, DUNN & CRUTCHER, LLP,
DENNIS FRIEDMAN, SCOTT KISLIN AND HYEON LEE**

Barbara L. Becker declares, pursuant to 28 U.S.C. § 1746:

1.    I am a member of the law firm of Gibson, Dunn &
Crutcher LLP ("Gibson Dunn"), counsel to plaintiff, Eugenia VI
Venture Holdings, Ltd.  I respectfully submit this Declaration
in Support of Plaintiff's Opposition to Defendants' Motion to
Disqualify Gibson, Dunn & Crutcher, LLP, Dennis Friedman, Scott
Kislin and Hyeon Lee.  Unless otherwise stated in this
Declaration, I have personal knowledge of the facts set forth
herein.

2.    Until September 2000, I was affiliated with the law firm of Chadbourne & Park LLP ("Chadbourne").  Since that time, I have been with Gibson Dunn.

**The Defendants**

3.    None of the defendants in this action is a current client of Gibson Dunn.

**MapleWood**

4.    MapleWood Partners LP ("MapleWood") is a former client of Gibson Dunn, but not a current client.  Gibson Dunn represented MapleWood in certain general corporate and personal matters unrelated to this action, none of which involved litigation matters.  I have not billed any time on MapleWood-related matters.

**The Offshore Fund**

5.    MapleWood is the manager of MapleWood Equity Partners (Offshore) Ltd. (the "Offshore Fund"), which was a holder of some of the common stock of AMC Computer Corp. ("AMC").  To the best of my knowledge, the Offshore Fund was not a client of Gibson Dunn.

**Casita**

6.    In 2002, MapleWood contemplated a restructuring of AMC.  Casita LP ("Casita") asked Gibson Dunn to represent its interests as a shareholder in the Offshore Fund in connection with any such restructuring and Gibson Dunn agreed to do so.

2

However, to avoid potential conflicts of interest arising from its prior representation of MapleWood, on or about September 19, 2002, Gibson Dunn executed a Conflict of Interest Waiver to be signed by Casita, MapleWood and AMC.  A true and correct copy of the Conflict of Interest Waiver is attached hereto as Exhibit A.

7.    I executed the Conflict of Interest Waiver on behalf of GD&C.  The Conflict of Interest Waiver provided that "in the event that any litigation or dispute resolution proceedings should arise among MapleWood, Casita and AMC in connection with the [restructuring of AMC, Gibson Dunn] would not act as counsel to any such parties."

8.    The meaning of the term "affiliate" set forth in the Conflict of Interest Waiver, as applied to Casita, MapleWood and AMC, was intended to be narrowly construed to include only Casita, MapleWood and/or AMC-related entities that own a controlling interest in Casita, MapleWood and/or AMC.  This definition of affiliate does not extend to entities that only own a minority interest in Casita, MapleWood and/or AMC or individuals that are officers, directors and/or employees of Casita, MapleWood and/or AMC.

**Plaintiff**

9.    To the best of my knowledge, Gibson Dunn began representing plaintiff Eugenia in its capacity as the senior secured lender to AMC pursuant to the Amended and Restated

3

Credit Agreement dated January 30, 2003, among AMC, AMC

Investors LLC, AMC Investors II LLC, AMC Computer Corp. (NJ) and

plaintiff.  I have not been involved in Gibson Dunn's

representation of plaintiff in any of the pending litigation

other than to answer factual questions put to me by Gibson Dunn

litigators about the relationships, if any, between plaintiff,

Casita, and various MapleWood entities.

**The Casita Lawsuit**

10.  I am told that in October 2005, Casita filed a

Complaint against the Offshore Fund for breach of contract, a

declaratory judgment, and preliminary and permanent injunctions

relating to the Offshore Fund's improper capital call to Casita.

I have not been involved in Gibson Dunn's representation of

Casita in this action.

**This Lawsuit**

11.  To the best of my knowledge, neither I nor anyone at

Gibson Dunn obtained any information, confidential or otherwise,

about defendants (or any other matters) from Gibson Dunn's or

Chadbourne's representations of MapleWood, plaintiff and/or

Casita that would be relevant to the instant action.


Executed on October 24, 2005.

Barbara L. Becker

4

**Exhibit A**

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193

(212) 351-4000

www.gibsondunn.com

bbecker@gibsondunn.com

September 19, 2002

Direct Dial                                                    Client No.
(212) 351-4062                                              C 35758-00002
Fax No.
(212) 351-6202

<u>VIA OVERNIGHT MAIL</u>

Robert J. Reale
MapleWood Partners LP
255 Aragon Avenue
Suite 300
Coral Gables, FL  33134-5008

Ekkehart Hassels-Weiler
Eagle Advisors, Inc.
3628 Holboro Drive
Los Angeles, CA  90027

    Re:    *Conflict of Interest Waiver*

Gentlemen:

        As you may know, Gibson, Dunn & Crutcher LLP ("GD&C") has been asked to
represent Casita, L.P. in connection with a proposed restructuring (the "Transaction") of AMC
Computer Corp. ("AMC") currently being contemplated by MapleWood Partners LP and its
affiliates ("MapleWood") and Casita, L.P.  As you know, GD&C also represents MapleWood in
a number of matters unrelated to the Transaction and certain attorneys at GD&C have
represented MapleWood in connection with its initial acquisition of AMC as well as certain
subsequent matters related to AMC.  In addition, GD&C has represented affiliates of Casita, L.P.
(Casita, L.P. together with its affiliates, "Casita") in a number of matters unrelated to the
Transaction.  We anticipate that our representation of MapleWood and Casita will continue for
the foreseeable future.

        Our representation of Casita in the Transaction presents a conflict of interest given our
representation of MapleWood in other matters.  Although this conflict of interest exists, we
firmly believe we can fully and competently perform our role as counsel for Casita in connection

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

# GIBSON, DUNN & CRUTCHER LLP

Robert J. Reale
Ekkehart Hassels-Weiler
September 19, 2002
Page 2

with the Transaction without our judgment being impaired by any such conflict. We likewise firmly believe that any representation of Casita in this connection will not interfere in any way with our ability to continue to fully and competently represent MapleWood in various unrelated matters. Nevertheless, the interests of MapleWood and of AMC are adverse to those of Casita and, under the ethical standards that govern the legal profession, GD&C is required to bring these matters to the attention of MapleWood, AMC and Casita and to obtain the written consent of each.

This letter is to confirm that MapleWood, AMC and Casita consent to GD&C's representation of Casita in connection with the Transaction. Without limiting the generality of the foregoing, this letter is to confirm that MapleWood, AMC and Casita consent and acknowledge that the GD&C lawyers who may work on the Transaction may include, among others: Hyeon Lee, Esq. and Rashida La Lande, Esq.

In the event that any litigation or dispute resolution proceedings should arise among MapleWood, Casita and AMC in connection with the Transaction, we would not act as counsel to any of such parties.

If you understand the actual and potential conflicts of interest raised by our representation of Casita in connection with the Transaction and, nonetheless, consent to our representation of Casita on the terms outlined above, please date and sign in the appropriate space below and kindly and return it to me. You are free to consult other counsel about this conflict waiver and, if you have any questions or concerns, you should do so.

If you have any questions at all, please do not hesitate to call me.

Very truly yours,

Barbara L. Becker

# GIBSON, DUNN & CRUTCHER LLP

Robert J. Reale
Ekkehart Hassels-Weiler
September 19, 2002
Page 3

Acknowledged and agreed, as of September ___, 2002:

MAPLEWOOD PARTNERS, LP
      on behalf of itself and its affiliates
By MapleWood Holdings LLC, its general partner


By: _____
    Name:
    Title:




Acknowledged and agreed, as of September ___, 2002:

AMC COMPUTER CORP.


By: _____
    Name:
    Title:




Acknowledged and agreed, as of September ___, 2002:

CASITA, L.P.
      on behalf of itself and its affiliates


By: _____
    Name:
    Title:

80234197_1.DOC

# EXHIBIT J

Tom, J.P., Andrias, Friedman, Marlow, Gonzalez, JJ.

8998      Casita, L.P.,                   Index 603525/05
                 Plaintiff-Appellant,

                -against-

        MapleWood Equity Partners (Offshore) Ltd.,
             Defendant-Respondent.

Gibson, Dunn & Crutcher LLP, New York (Mitchell A. Karlan of counsel), for appellant.

Akerman Senterfitt, Miami, FL (Brian P. Miller, of the Florida Bar, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 22, 2006, which granted defendant's motion to disqualify plaintiff's counsel, unanimously affirmed, with costs.

Defendant is an investment fund organized under the laws of the Cayman Islands. Evidence in the record established that an attorney with the firm representing plaintiff had previously performed substantial work, at a prior law firm, on defendant's formation and its relationship with several affiliated entities, as well as on investment issues. Plaintiff, who invested in one of these affiliated entities through defendant, alleges that the latter's contested capital call was belated, according to purportedly unambiguous language in its Articles of Association and Subscription Agreement. However, these Articles did allow for collection of accrued expenses and fees even as part of a

33

belated capital call, and the instant call included substantial expenses. Inasmuch as the nature of the allowable expenses is arguably ambiguous under the controlling documents, extrinsic evidence potentially could be warranted. Consequently, the challenged attorney's prior legal work in drafting and negotiating defendant's Articles of Association and Subscription Agreement was properly found to constitute a matter substantially related to the instant litigation, which challenges the validity of the capital call made pursuant to said documents. Plainly, defendant's interests in this litigation are adverse to those of plaintiff, who has declined to pay on the capital call. Since defendant's proof met the test for disqualification, an irrebuttable presumption for such remedy arises (*Tekni-Plex v Meyner & Landis*, 89 NY2d 123, 130-131 [1996]; *see* Code of Professional Responsibility DR 5-108[A][1] [22 NYCRR § 1200.27(a)(1)]). Even were that not the case, the attorney's submissions regarding his legal work for defendant and his noninvolvement in the matters at issue at his current firm were conclusory and insufficient (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 619 [1999]). Inasmuch as the attorney's proof failed to rebut the presumption, the firm's erection of a "Chinese Wall" between this matter and said counsel is insufficient to avert disqualification under the circumstances (*id.*).

34

We have considered plaintiff's remaining contentions and find them without merit.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED:  NOVEMBER 9, 2006

*Catherine O'Hagan Wolfe*

_____
CLERK

# EXHIBIT K

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on January 25, 2007.

PRESENT - Hon: Peter Tom                    Justice Presiding,
              Richard T. Andrias
              David Friedman
              George D. Marlow
              Luis A. Gonzalez,            Justices.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
Casita, L.P.,
        Plaintiff-Appellant,

          -against-                          M-6794
                                     Index No. 603525/05
Maplewood Equity Partners
(Offshore) Ltd.,
        Defendant-Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff-appellant having moved for leave to appeal to
the Court of Appeals from the decision and order of this Court
entered on November 9, 2006 (Appeal No. 8998), and for related
relief,

        Now, upon reading and filing the papers with respect to
the motion, and due deliberation having been had thereon,

        It is ordered that the motion is denied, and the
interim relief granted by an order of a Justice of this Court,
dated December 19, 2006, is hereby vacated.

                 E N T E R :

                                    Clerk.