UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

EUGENIA VI VENTURE HOLDINGS, LTD.,    :

                              Plaintiff,    :

              - against –    :         07 CIV 9417
                                    :         (Batts, J.)

MAPLEWOOD EQUITY PARTNERS, L.P.,    :         (Eaton, M.J.)

                    Defendant.    :

-------------------------------------------------------------- x

## AFFIDAVIT OF ROBERT V. GLASER IN SUPPORT OF MOTION TO DISQUALIFY GIBSON, DUNN & CRUTCHER LLP, DENNIS FRIEDMAN, SCOTT KISLIN, DAVID WILF AND HYEON LEE

STATE OF FLORIDA        )
                            ) ss:
COUNTY OF MIAMI-DADE   )

I, ROBERT V. GLASER, hereby swear as follows:

1.     I am over 18 years of age and competent.  I make this Affidavit based on my personal knowledge.

2.     I am an employee of MapleWood Partners, L.P. ("MapleWood Partners") and have been since inception.  I give this Affidavit in support of a motion to disqualify Gibson Dunn & Crutcher LLP ("GD&C") and attorneys Dennis Friedman, Scott Kislin, David Wilf and Hyeon Lee (the "GD&C Attorneys").

3.     The MapleWood structure includes MapleWood Partners, MapleWood Holdings LLC ("MapleWood Holdings"), MapleWood Management L.P. ("MapleWood Management"), MapleWood Equity Partners, L.P. ("MapleWood Equity") and its parallel fund, MapleWood Equity Partners (Offshore) Ltd. ("the MapleWood Offshore Fund") (together, the "MapleWood Funds").

{M2622958;2}

4.    MapleWood Equity and the MapleWood Offshore Fund are "affiliates" of each other and of MapleWood Partners, MapleWood Management and MapleWood Holdings. MapleWood Management is an investor in both MapleWood Equity and MapleWood Offshore. MapleWood Management is MapleWood Equity's General Partner and the Manager of MapleWood Offshore Fund.  MapleWood Management is the Manager of AMC Investors, LLC and AMC Investors II, LLC (together, the "AMC Investors Entities").

5.    Beginning in 1997, the GD&C Attorneys represented MapleWood Partners, MapleWood Holdings and MapleWood Management in the formation of those entities and the MapleWood Funds.  These attorneys drafted the MapleWood Funds' Articles and Subscription Agreements.   In addition, as part of that process, these attorneys drafted the governing documents for MapleWood Partners, MapleWood Holdings and MapleWood Management, and actually created each of these entities.  I regularly and personally communicated with attorneys Friedman and Kislin in that process.  I do not specifically recall whether attorney Lee was involved in the representation at that point in time, but do recall that he became involved in the representation of MapleWood Partners and its affiliates at some point beginning at least in mid-2000.  I also recall that other attorneys were involved in the representation, but do not recall all of their names, nor do I know how many of those attorneys now work for GD&C.

6.    The MapleWood Funds raised approximately $135 million in capital.  Again, the GD&C Attorneys represented MapleWood Partners, MapleWood Holdings, MapleWood Management and the two MapleWood Funds in this placement.

7.    Based on conversations I have had with Ekkehart Hassels-Weiler, I understand that one of the investors in the MapleWood Offshore Fund is a wealthy German individual named Hans Werner Hector, who was one of the founders of the behemoth German software

company SAP. I understand that Mr. Hector invested in the MapleWood Offshore Fund through his company called Casita LP ("Casita"). I was advised by Denis Friedman that Casita is one of Mr. Hector's investment vehicles. I understand, based on deposition testimony of Mr. Hassels-Weiler in related litigation, that Mr. Hector owns 99% of the limited partnership interest of Casita. Friedman personally introduced me to Casita's principals as potential investors in MapleWood Equity or the MapleWood Offshore Fund. Consequently, Casita committed "up to $25 million" in the MapleWood Offshore Fund.

8.    I was advised by Mr. Hassels-Weiler that another investment vehicle used by Mr. Hector is a company called Eugenia VI Venture Holdings, Ltd. ("Eugenia"). Eugenia is a party to more than ten different lawsuits filed against the MapleWood Entities, me, and various other parties concerning the failure of AMC Computer Corporation ("AMC Computer"). All of these lawsuits arise from Eugenia's lending relationship with AMC Computer under a January 30, 2003 Credit Agreement. I understand, based on deposition testimony of Mr. Hassels-Weiler in related litigation, that Mr. Hector is the grantor of at least 51% of the economic interest in The Eugenia Trust, which in turn owns 100% of the equity of Eugenia. Mr. Hector is one of the three beneficiaries to that trust, the other two beneficiaries being his wife and a charity controlled by him.

9.    After the formation of the MapleWood Funds, I worked with the GD&C Attorneys in identifying and performing due diligence with respect to companies in which the MapleWood Funds could invest. One of those companies was AMC Computer, a New York computer services and hardware company. The GD&C Attorneys conducted due diligence on AMC Computer, in addition to their work on the acquisition agreement and financing agreement.

10.    In August 2000, Casita joined the MapleWood Funds in investing in AMC Computer.  This investment was effected through a newly formed special-purpose entity called AMC Investors, LLC — created by the GD&C Attorneys on their recommendation — in which Casita purchased membership interests for a total of $2.5 million.  The MapleWood Funds also purchased membership interests in AMC Investors, LLC.  The GD&C Attorneys drafted all of AMC Investors, LLC's governing documents, and provided legal advice with regard to its structure and operations.  The only assets that AMC Investors, LLC ever owned were the cash that was invested in AMC Computer, together with accrued interest, and shares of common stock in AMC Computer.

11.    The two MapleWood funds own a majority of the membership interests in AMC Investors, LLC.  AMC Investors, LLC's other members include Casita and two other entities who were investors in the MapleWood Funds and who decided to "co-invest" additional monies in AMC Computer, in addition to the monies that were indirectly invested through the MapleWood Funds.

12.    As regular outside counsel to each of the MapleWood entities, the GD&C Attorneys, including Dennis Friedman, Scott Kislin, David Wilf and Hyeon Lee, represented MapleWood Partners, the MapleWood Funds, AMC Investors, LLC, and other affiliates in effectuating the MapleWood Funds' initial equity investment in AMC Computer in August 2000.  The GD&C Attorneys conducted due diligence on AMC Computer, in addition to their work on the acquisition agreement and financing agreement.  In fact, the GD&C Attorneys recommended and <u>created</u> the investment vehicle, AMC Investors, LLC, drafted all of its governing documents, and provided legal advice with regard to its structure and operations.  These attorneys performed extensive due diligence on AMC Computer and its CEO during the course of that representation,

and worked with PricewaterhouseCoopers. This representation was not insubstantial; AMC Investors' equity investment in AMC Computer was $31 million. Chadbourne & Parke was paid approximately $650,000 for this work. Shortly thereafter, the individual attorneys moved as a group to GD&C.

13.     GD&C continued to serve as primary counsel to MapleWood Partners, MapleWood Holdings, MapleWood Management, MapleWood Equity, the MapleWood Offshore Fund, the AMC Investor Entities, and AMC Computer, and also represented MapleWood Partners, MapleWood Holdings, MapleWood Management, MapleWood Equity, and the MapleWood Offshore Fund in a subsequent investment in AMC Computer effected in 2001 through an entity called AMC Investors II, LLC. The GD&C Attorneys also created AMC Investors II, LLC. All told, the AMC Investors Entities invested nearly $35 million in AMC Computer, $2.5 million of which was invested by Casita.

14.     The attorneys at Chadbourne, who later moved to GD&C, were the only counsel representing MapleWood Partners, MapleWood Holdings, MapleWood Management, MapleWood Equity, the MapleWood Offshore Fund, and the AMC Investor Entities.

15.     GD&C has represented MapleWood and its employees for many years. This relationship spans approximately 20 years, and I actually shared office space with GD&C in New York in the 1980s.

16.     On June 9, 2005, MapleWood received a letter from GD&C, seemingly out of the blue, purporting to "terminate" GD&C's representation of MapleWood. This letter was sent only three days after GD&C filed a lawsuit, on behalf of Eugenia, against the AMC Investors Entities. In fact, GD&C's representation of MapleWood continued past June 9, 2005, including

work in obtaining a U.S. Immigration Visa on behalf of a MapleWood employee that was received on July 12, 2005.

FURTHER AFFIANT SAYETH NAUGHT.

ROBERT V. GLASER

STATE OF _FLORIDA_                )
                                 ) ss:
COUNTY OF _MIAMI-DADE_            )

The foregoing instrument was sworn to and subscribed before me this _21st_ day of _November_, 2007, by _Robert V. Glaser_, who is personally known to me or who has produced _____ (type of identification) as identification.

NOTARY PUBLIC, STATE OF _Florida_

CARMEN B. LIMA
Notary Public - State of Florida
My Commission Expires Feb 28, 2010
Commission # DD 497619
Bonded By National Notary Assn.

(Print, Type or Stamp Commissioned Name of Notary Public)