UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
::
EUGENIA VI VENTURE HOLDINGS, LTD.   :   07 Civ. 9417 (DAB)
::
               Plaintiff,   :
::
  -against-   :
::
MAPLEWOOD EQUITY PARTNERS, L.P.   :
::
               Defendant.   :
::
------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO DISMISS

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiff*

December 11, 2007

## TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| STATEMENT OF FACTS | 1 |
|     A. Defendant, AMC Computer Corp. and the AMC Investors | 2 |
|     B. Plaintiff | 2 |
|     C. The Guaranty | 2 |
|     D. Motions to Dismiss in Prior Related Actions | 3 |
| ARGUMENT | 4 |
| DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED | 4 |
|     A. The Complaint Adequately Pleads a Basis for Subject Matter Jurisdiction | 4 |
|     B. The Complaint Adequately States a Claim | 6 |
|         1. Federal Rule Civil Procedure 9(b) | 6 |
|         2. Federal Rule Civil Procedure 12(b)(6) | 7 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

## Cases

*Acciai Speciali Terni USA, Inc. v. Momene,*
   202 F. Supp. 2d 203 (S.D.N.Y. 2002) .................................................................. 6

*Bell Atl. Corp. v. Twombly,*
   127 S. Ct. 1955 (2007) ........................................................................................ 7

*Carte Blanche Ltd. v. Diners Club, Inc.,*
   758 F. Supp. 908 (S.D.N.Y. 1991) ...................................................................... 7

*EZ-TIXZ, Inc. v. Hit-Tix, Inc.,*
   919 F. Supp. 728 (S.D.N.Y. 1996) ...................................................................... 7

*Fletcher v. Atex, Inc.,*
   68 F.3d 1451 (2d Cir. 1995) ............................................................................. 7, 9

*GTFM, Inc. v. Int'l Basic Source, Inc.,*
   No. 01 Civ. 6203 (RWS), 2002 WL 42884 (S.D.N.Y. Jan. 11, 2002) .................. 6

*In re Verestar, Inc.,*
   343 B.R. 444 (Bankr. S.D.N.Y. 2006) ................................................................. 8

*InSite Servs. v. Am. Elec.,*
   287 B.R. 79 (Bankr. S.D.N.Y. 2002) ................................................................... 7

*Iqbal v. Hasty,*
   490 F.3d 143 (2d Cir. 2007) ................................................................................ 7

*Klein v. Hongkong & Shanghai Hotels, Ltd.,*
   No. 06 Civ. 377 (DAB), 2007 WL 1098735 (S.D.N.Y. Apr. 9, 2007) .................. 6

*Parklex Assocs. ex. rel. Holtkamp v. Parklex Assocs.,*
   No. 14514/06, 2007 WL 1203616 (Sup. Ct. Kings County Apr. 16, 2007) ...... 8, 9

*SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC,*
   375 F. Supp. 2d 238 (S.D.N.Y. 2005) .................................................................. 6

*Stuto v. Fleischman,*
   164 F.3d 820 (2d Cir. 1999) ............................................................................. 1, 7

*William Wrigley, Jr. Co. v. Waters,*
   890 F.2d 594 (2d Cir. 1989) ............................................................................. 8, 9

**Statutes**

Fed. R. Civ. P. 12 .................................................................................................................. 5, 7

Fed. R. Civ. P. 9 .................................................................................................................... 1, 6

**Other Authorities**

61A Am. Jur. 2d Pleading § 560 .............................................................................................. 5

Plaintiff, Eugenia VI Venture Holdings ("Eugenia"), submits this memorandum of law in opposition to defendant's motion to dismiss the Complaint.

## INTRODUCTION

This case is the most recent of several related cases brought by Eugenia that are currently pending before this Court.[1]

As it did in the previously filed cases, Eugenia must once again defend a motion to dismiss based on an alleged lack of diversity of citizenship. All of the these prior motions were denied after jurisdictional discovery.

As set forth below, the very same holding should result here.

Defendant also half-heartedly seeks dismissal for lack of specificity, alleging that heightened fraud pleading standards pursuant to Federal Rule of Civil Procedure 9(b) have not been met. However, as case law makes clear, fraud is not an element of any of plaintiff's claims. Accordingly, defendant's attempt to set up and knock down a straw man fails.

## STATEMENT OF FACTS

Eugenia will only briefly set forth the relevant facts, all of which must be presumed as true for purposes of this motion.[2] *Stuto v. Fleischman*, 164 F.3d 820, 824 (2d Cir. 1999).

---

[1] Pending actions include *Eugenia VI Venture Holdings, Ltd. v. Surinder Chabra*, No. 05 Civ. 5277; *Eugenia VI Venture Holdings, Ltd. v. AMC Computer Corp.*, No. 05 Civ. 5397; *Eugenia VI Venture Holdings, Ltd. v. Robert J. Reale*, No. 05 Civ. 5635; *Eugenia VI Venture Holdings, Ltd. v. Robert J. Reale et al.*, No. 05 Civ. 5816; *Eugenia VI Venture Holdings, Ltd. v. Robert v. Glaser et al.*, No. 05 Civ. 7262; *Eugenia VI Venture Holdings, Ltd. v. Robert Glaser*, No. 06 Civ. 2997; and *Eugenia VI Venture Holdings, Ltd. v. Surinder Chabra et al.*, No. 05 Civ. 5330.

[2] Defendant's brief contains page after page of scattershot and false factual allegations pertaining to myriad subjects including negotiations taking place years ago, fraud at AMC, stock and share ownership in numerous entities, contract interpretation, forum shopping, and

A.   **Defendant, AMC Computer Corp. and the AMC Investors**

Defendant is a self-described "Delaware limited partnership to be established *__for U.S. investors__*." *See* Karlan Decl. Ex. A at 1 (Maplewood Private Placement Memorandum) (emphasis added).[3] Defendant invested millions of dollars in AMC Computer Corp. ("AMC"). Karlan Decl. Ex. B (Compl. ¶ 16).

These investments were made through two entities, AMC Investors I and AMC Investors II (together, the "AMC Investors"). *See id.* ¶ 17. Defendant is the controlling shareholder of the AMC Investors. *Id.* Together with a "parallel" fund – Maplewood Equity Partners (Offshore) Ltd. (the "Offshore Fund") – defendant owns the entirety of AMC Investors II and 90% of AMC Investor I. *Id.* at ¶ 17. The Offshore Fund describes itself as a "a Cayman Islands exempted company *__to be established for non-U.S. investors__*." Karlan Decl. Ex. A at 1 (emphasis added).

B.   **Plaintiff**

Plaintiff lent millions of dollars to AMC and the AMC Investors unconditionally guaranteed these loans. Karlan Decl. Ex. B (Compl. ¶ 2).

C.   **The Guaranty**

AMC, which no longer has any operations, defaulted on these loans. *Id.* The Investors refused to honor the unconditional guaranty. *Id.*

---

[Footnote continued from previous page]
  proceedings and judgments in a state court action. *See, e.g.,* D.'s Br., pp. 2-7. Because the vast majority of these allegations are irrelevant, Eugenia will not refute each one individually here.

[3]  All exhibits are attached to the Declaration of Mitchell A. Karlan dated December 11, 2007 ("Karlan Decl.") submitted herewith.

2

Plaintiff brought an action against the AMC Investors (the "Guaranty Action") and, after more than two years, secured a $10.7 million judgment against the AMC Investors. *Id.* ¶¶ 3-4; Karlan Decl. Ex. C.

Defendant paid for and controlled AMC Investors' defense in the Guaranty Action. *Id.* ¶¶ 4-7. Indeed, defendant hired and paid the very same counsel to represent the AMC Investors in the Guaranty Action that now represents defendant in the instant action. *Id.*

As discussed in more detail below, and in the Complaint, defendant's control of the Guaranty Action was just one aspect of its complete domination and control over the AMC Investors. Defendant so dominated the AMC Investors that AMC Investors never observed any corporate formalities, and never had offices, employees, activities or operations of any kind. *Id.* ¶¶ 27-30. Indeed, defendant listed its own address as the AMC Investors' office. *Id.* ¶ 30.

### D.  Motions to Dismiss in Prior Related Actions

Plaintiff has filed related actions, all currently pending before this Court, against various officers, employees and agents of AMC arising from accounting fraud that directly led to AMC's demise. *See, e.g., supra* n.1; Karlan Decl. Ex. B (Compl. ¶¶ 20-22).

Defendants in the related actions, most of whom are represented by the very same counsel as defendant in the instant action, moved to dismiss those actions for lack of federal diversity. *See* Karlan Decl. Ex D. Indeed, the counsel that brings the instant motion brought the prior motions in the related cases.

Judge Chin, to whom these cases were previously assigned, ordered that defendants provide deposition and documentary discovery regarding jurisdiction. *See* Karlan Decl. Ex. E. Judge Chin then denied the motions to dismiss. *See* Karlan Decl. Ex. F.

# ARGUMENT

## DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED

### A.  The Complaint Adequately Pleads a Basis for Subject Matter Jurisdiction

The Complaint alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties. Specifically, the Complaint alleges that this is an action between an alien and a citizen of the United States and the amount in controversy exceeds $75,000. *See* Karlan Decl. Ex. B (Compl. ¶ 14). Defendant does not deny that these allegations, if true, are sufficient to establish federal subject matter jurisdiction.

Defendant claims that certain of its limited partners are foreign entities. Defendant, however, does not provide a single document to support this claim, instead relying on a single, wholly unsupported sentence in an affidavit of one of its employees.[4] Affidavit of Robert V. Glaser ¶ 5.

This claim runs directly contrary to the contents of defendant's own formation documents, which explain that defendant is "a limited partnership to be established *for U.S. investors*." Karlan Decl. Ex. A at 1 (emphasis added). The employee's claim becomes all the more suspect because the Offshore Fund is a parallel fund specifically "established *for non-U.S. investors*." *Id.* (emphasis added).

---

[4]  While defendant's document is styled as a motion to dismiss, this is not accurate. There is no question that the Complaint adequately pleads diversity. Defendant's attempt to introduce an outside document, such as the affidavit, in an attempt to contradict the Complaint, makes the instant motion one for summary judgment. Accordingly, and as discussed below, the motion to dismiss should be denied without prejudice pending jurisdictional discovery. Then, a proper motion for summary judgment may be made.

4

Clearly, were the employee's claim true, defendant could have provided this Court with documents, such as the relevant subscription agreements, evidencing that foreign investors (for some unclear reason) invested in a fund created for U.S. investors (even though there was a fund specifically created for foreign investors).

Moreover, limited partnership interests in defendant may be bought and sold. *Id.* The employee never even alleges that the supposed foreign entities are ***currently*** limited partners.

Defendant's reliance upon evidence not contained in the Complaint requires the denial of this motion, especially where, as here, defendant's argument is directly contrary to its own documents.[5] Although plaintiff fully expects that defendant will now submit an additional affidavit, or at least finally provide some documentation, such submission will not be sufficient in the absence of discovery. As Judge Chin previously ordered, plaintiff is entitled to jurisdictional discovery at this stage, including all relevant documents and depositions of the employee of the defendant most knowledgeable about its membership and the supposed foreign limited partners, to determine whether any such entities are truly "aliens" for purposes of diversity, and whether they currently remain investors in the U.S. Fund.

When a defendant moves, pursuant to Federal Rule Civil Procedure 12(b)(1), to dismiss for lack of jurisdiction, "[t]he court may . . . hold an evidentiary hearing to determine disputed factual issues, and fundamental fairness may require that the nonmoving party be afforded an

---

[5] While defendant's document is styled as a motion to dismiss, this is not accurate. There is no question that the Complaint adequately pleads diversity. Defendant's attempt to introduce an outside document, such as the affidavit, in an attempt to contradict the Complaint, makes the instant motion one for summary judgment. Accordingly, and as discussed below, the motion to dismiss should be denied without prejudice pending jurisdictional discovery. Then, a proper motion for summary judgment may be made.

opportunity to conduct discovery so that the party can, if possible, meet the burden of establishing jurisdiction." 61A Am. Jur. 2d Pleading § 560; *see also Klein v. Hongkong & Shanghai Hotels, Ltd.*, No. 06 Civ. 377 (DAB), 2007 WL 1098735, at *4 (S.D.N.Y. Apr. 9, 2007) (granting plaintiff "discovery for the limited purpose of permitting it to establish personal jurisdiction over Defendant"); *GTFM, Inc. v. Int'l Basic Source, Inc.*, No. 01 Civ. 6203 (RWS), 2002 WL 42884, at **1, 2 (S.D.N.Y. Jan. 11, 2002) (declining to rule on Rule 12(b)(6) motion until "jurisdictional discovery had been conducted," noting that "[a] court may allow discovery to aid in determining whether it has in personam or subject matter jurisdiction").

Thus, plaintiff respectfully requests that full and proper jurisdictional discovery begin immediately.

**B.      The Complaint Adequately States a Claim**

    **1.      Federal Rule Civil Procedure 9(b)**

Defendant then argues that plaintiff has not satisfied the heightened pleading standard for fraud pursuant to Federal Rule of Civil Procedure 9(b).

This argument is irrelevant because plaintiff need not allege fraud to maintain an alter ego claim under Delaware law. *See, e.g., SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 375 F. Supp. 2d 238, 244 (S.D.N.Y. 2005) ("Under an alter ego theory, no showing of fraud is required. Rather, the injustice or unfairness must arise from the defendant's use of the corporate form, and may include factors such as contravention of law or contract, public wrong, or equitable considerations.") (internal quotations and citations omitted); *Acciai Speciali Terni USA, Inc. v. Momene*, 202 F. Supp. 2d 203, 207 (S.D.N.Y. 2002) ("There is no requirement of fraud under the alter ego theory.").

Indeed, in *Fletcher v. Atex, Inc.*, 68 F.3d 1451 (2d Cir. 1995), on which defendant heavily relies, the court explained that "under an alter ego theory, there is no requirement of a showing of fraud" under Delaware law. *Id.* at 1457.

In any event, the Complaint satisfies Rule 9(b) because it details the facts upon which plaintiff intends to rely. It is not clear what additional information defendant believes is required.

### 2. Federal Rule Civil Procedure 12(b)(6)

This leaves only defendant's argument that the complaint should be dismissed pursuant to Federal Rule Civil Procedure 12(b)(6).

Defendant, however, completely ignores the standard for dismissal. A complaint may not be dismissed under pursuant to Rule 12(b)(6) unless the defendant can demonstrate that the plaintiff has failed to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *see also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

When determining this plausibility, all facts alleged by plaintiff must be accepted as true, *see Stuto v. Fleischman*, 164 F.3d at 824, and an alter ego or veil-piercing claim is inherently factual, *see EZ-TIXZ, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 733 (S.D.N.Y. 1996) ("Determining whether an alter ego relationship exists is a fact-specific inquiry that varies depending upon the totality of circumstances."); *Carte Blanche Ltd. v. Diners Club, Inc.*, 758 F. Supp. 908, 914 (S.D.N.Y. 1991) ("The Second Circuit has noted that the question of piercing the corporate veil is a fact-intensive issue that generally must be submitted to the jury.").

Accordingly, "when ruling on motions to dismiss or even for summary judgment, courts have been reluctant prematurely to dismiss a cause of action alleging corporate veil-piercing because of the intensely factual nature of such a claim." *InSite Servs. v. Am. Elec.*, 287 B.R. 79,

7

98 (Bankr. S.D.N.Y. 2002). As another court explained when denying a motion to dismiss prior to discovery – *i.e.*, exactly what defendant seeks here:

> Veil-piercing is a fact-laden claim that is not well suited for resolution on a motion to dismiss. Before dismissal can be granted, plaintiffs are entitled to obtain necessary discovery to ascertain whether there are grounds to pierce the corporate veil. Thus, the issue of whether to justify a piercing of the corporate veil is not ripe for determination at this early stage of the action.

*Parklex Assocs. ex. rel. Holtkamp v. Parklex Assocs.*, No. 14514/06, 2007 WL 1203616 (Sup. Ct. Kings County Apr. 16, 2007); *see also In re Verestar, Inc.*, 343 B.R. 444, 465 (Bankr. S.D.N.Y. 2006) ("Based on applicable Delaware authority, the Court concludes that the Complaint states a claim with respect to alter ego liability. Factual determinations cannot be made in connection with a motion to dismiss . . . .").

Indeed, the various cases cited by defendant, many of which involve motions for summary judgment after extensive discovery or appeals after full trials, demonstrate that plaintiff here has gone well beyond what is required at the pleading stage.

For example, *William Wrigley, Jr. Co. v. Waters*, 890 F.2d 594 (2d Cir. 1989), involved an appeal after an eleven-day trial. The Court explained that many factors could result in the piercing of a corporate veil under an alter ego theory, including:

> (1) the intermingling of corporate and personal funds; (2) undercapitalization of the corporation; and (3) failure to maintain separate books and records or other formal legal requirements for the corporation. . . . Additional factors have been considered as well. For example, failure to pay dividends, insolvency at the time of a transaction, siphoning of corporate funds by the dominant shareholder and nonfunctioning of other officers and directors, *either individually or in combination*, may evidence a corporation that is a mere shell and therefore susceptible to being bypassed in fashioning an appropriate remedy.

*Id.* at 600-01 (emphasis added).

Plaintiff makes allegations, which must be accepted as true at this stage, regarding most, if not all, of these examples:

- Funds were not separated between defendant and AMC Investors. Indeed, plaintiff describes specific instances where defendant paid the AMC Investors' lawyers' fees in a matter where defendant was not even a party. *See* Karlan Decl. Ex. B (Compl. ¶¶ 4-7).

- The AMC Investors were so undercapatilized that they now claim to have no money whatsoever and have admittedly allowed a $25,000 bank account to revert to the State of Florida as "abandoned." *Id.* ¶ 32.

- The AMC Investors did not maintain any real books and records and ignored legal requirements, including the repeated failure to file tax returns. *See id.* ¶¶ 9, 28-31.

- The AMC Investors had no functioning officers or directors, had no offices and no employees. *Id.* ¶¶ 9, 27.

Not only are these facts confirmed by post-judgment discovery following the Guaranty Action, *see* Karlan Decl. Ex. G, but defendant has already conceded that "the AMC Investors are empty shell companies with no operations or assets that can satisfy the $10.7 million out-of-state judgment against them," Karlan Decl. Ex. B (Compl. ¶ 8). This concession tracks the holding in *William Wrigley*, where the court explained that any one, or some combination, of the above factors may indicate that the entity at issue is a "shell and therefore susceptible to being bypassed in fashioning an appropriate remedy." 890 F.2d at 600-01.

Plaintiff also cites *Fletcher,* which involved a motion for summary judgment filed after the conclusion of "extensive discovery." 68 F.3d at 1455. On the basis of this extensive discovery, the Court found that:

> [Parent defendant] has shown that subsidiary defendant followed corporate formalities, and the plaintiffs have offered no evidence to the contrary. Significantly, the plaintiffs have not challenged parent's assertions that subsidiary's board of directors held regular meetings, that minutes from those meetings were routinely prepared and maintained in corporate minute books, that appropriate financial records and other files were maintained by subsidiary, that subsidiary filed its own tax returns and paid its own taxes, and that subsidiary defendant had its own employees and management executives who were responsible for the corporation's day-to-day business.

*Id.* at 1459.

Here, in direct contrast, plaintiff has already alleged (and notably, defendant has not denied), that the AMC Investors never observed corporate formalities. The AMC Investors **_never_**: (i) held a single meeting, much less regular meetings; (ii) kept any minutes; (iii) maintained any records; or (iv) had any employees, executives or operations.

Moreover, as also confirmed by post-judgment discovery in the Guaranty Action, and as must be accepted as true for purposes of this motion, the AMC Investors failed to file tax returns for all but one year of the AMC Investors' seven years of existence, *see* Karlan Decl. Ex. B (Compl. ¶ 9), and defendant defended, paid for, and controlled the AMC Investors' multi-million dollar lawsuit, *id.* (Compl. ¶¶ 4-7).

.

## CONCLUSION

For the reasons set forth above, this Court should: (i) deny the motion to dismiss for failure to state a claim; and (ii) deny the motion to dismiss for lack of diversity without prejudice, or, in the alternative, hold the motion in abeyance pending the jurisdictional discovery as set forth above.

Dated:  New York, New York
        December 11, 2007

                                            GIBSON, DUNN & CRUTCHER LLP

                                            By: _____
                                                Mitchell A. Karlan (MK-4413)
                                                200 Park Avenue, 47th Floor
                                                New York, New York 10166-0193
                                                Telephone: (212) 351-4000
                                                Facsimile:  (212) 351-4035

                                                *Attorneys for Plaintiff*

*Of Counsel:*
    Richie Falek (RF-8705)
    Anne Champion (AC-1596)

100348331

11