UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
:
EUGENIA VI VENTURE HOLDINGS, LTD.      : 07 Civ. 9417 (DAB)
:
                   Plaintiff,         :
: **DECLARATION OF**
   -against-                                            : **MITCHELL A. KARLAN IN**
: **OPPOSITION TO**
MAPLEWOOD EQUITY PARTNERS, L.P.    : **DEFENDANT'S MOTION**
: **TO DISMISS THE**
                  Defendant.         : **COMPLAINT**
:
------------------------------------------------- x

Pursuant to 28 U.S.C. § 1746, I, Mitchell A. Karlan, under penalty of perjury, declare as follows:

      1.    I am a member of the law firm of Gibson, Dunn & Crutcher LLP ("GD&C"), counsel to Eugenia VI Venture Holdings, Ltd. ("Eugenia"), the plaintiff in the above entitled action. I submit this Affirmation in Support of Eugenia's Opposition to Defendant MapleWood Equity Partners L.P.'s ("MapleWood") motion to disqualify GD&C in this case. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

      2.    In June 1998, Maplewood furnished to a "a limited number of sophisticated investors" a Private Placement Memorandum providing information on investment opportunities for limited partnership interests in Maplewood. A true and correct copy of the Memorandum is attached hereto as Exhibit A.

      3.    On October 19, 2007, Eugenia filed the underlying Complaint in this action, seeking, *inter alia*, a declaratory judgment that AMC Investors, LLC and AMC Investors II, LLC are in fact alter egos of Maplewood. A true and correct copy of the Complaint is attached hereto as Exhibit B.

4. On July 18, 2007, in an action filed in the New York Supreme Court that gave rise to the judgment plaintiff seeks to enforce here, *Eugenia VI Venture Holdings, Ltd. v. AMC Investors, LLC, et al.,* No. 603195/05 (the "Guaranty Action"), Justice Freedman entered an Amended Judgment for Eugenia and against Guarantors AMC Investors, LLC and AMC Investors II, LLC, in the amount of $10.7 million from. A true and correct copy of this Judgment is attached hereto as Exhibit C.

5. On July 27, 2005, defendants in the related actions currently pending before this court, *Eugenia VI Venture Holdings, Ltd. v. Robert J. Reale, et al.,* 05 Civ. 5635, 5816 (the "Related Actions"), moved to dismiss the related actions or remand them to state court, based on an alleged lack of subject matter jurisdiction. Most of the defendant signatories to that motion were represented by the very same counsel as defendant in the instant action. Indeed, the counsel that brought that motion has also brought the motion in the instant case. A true and correct copy of Defendants' Motion is attached hereto as Exhibit D.

6. On August 15, 2005, Judge Chin, then presiding over the Related Actions, declined to dismiss or remand the related actions, instead ordering jurisdictional discovery. A true and correct copy of Judge Chin's endorsed Order is attached hereto as Exhibit E.

7. On December 5, 2005, Judge Chin denied defendant's motion to dismiss, finding that complete diversity existed between the parties. A true and correct copy of that decision is attached hereto as Exhibit F.

8. On September 5, 2007, in an action filed in the New York Supreme Court by plaintiff here for discovery pursuant to the Judgment in the Guaranty Action, *Eugenia VI Venture Holdings, Ltd. v. AMC Investors, LLC, et al.,* No. 602345/07, Justice Shulman ordered the

guarantors to produce their books and records. A true and correct copy of that Order is attached hereto as Exhibit G.

Executed at New York, New York this eleventh day of December, 2007.

By: _____
Mitchell A Karlan

100351841_1.DOC