# Exhibit E

# GIBSON, DUNN & CRUTCHER LLP
## LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com
mkarlan@gibsondunn.com

**MEMO ENDORSED**

August 11, 2005

RECEIVED AUG 11 2005 JUDGE CHIN'S CHAMBERS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/05

Direct Dial
(212) 351-3827

Fax No.
(212) 351-5254

Client No.
C 26533-00001

VIA HAND DELIVERY

The Honorable Denny Chin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1020
New York, New York 10007-1312

Re: Eugenia VI Venture Holdings, Ltd. v. Surinder Chabra, et al., 05 CV 5277 (DC); Eugenia VI Venture Holdings, Ltd. v. Surinder Chabra et al., 05 CV 5330 (DC); Eugenia VI Venture Holdings, Ltd. v. AMC Investors, LLC and AMC Investors II, LLC 05 CV 5362 (DC); Eugenia VI Venture Holding, Ltd. v. AMC Computer Corp., 05 CV 5397 (DC); Eugenia VI Venture Holdings, Ltd. v. Robert J. Reale, 05 CV 5635 (DC); Eugenia VI Venture Holdings, Ltd. v. Robert J. Reale, et al. 05 CV 5816 (DC)

Dear Judge Chin:

We are counsel for Eugenia VI Venture Holdings, Ltd. in these six actions. As you know, the defendants in one action, Index No. 05 CV 5362, have moved to dismiss on grounds of lack of diversity. In their moving papers, these defendants allege that they are aliens for purposes of diversity.

This claim is contrary to the allegations of the complaint, which alleges that the defendants are not aliens for diversity purposes. To the extent that this motion is to be treated as a motion to dismiss, it must be dismissed because the complaint adequately alleges diversity. To the extent that this motion is intended to be, and will be deemed, a motion for summary judgment, we respectfully submit that we are entitled to discovery on the question of defendants' citizenship before we may be compelled to answer the motion.

[Handwritten endorsement:] On a motion to dismiss for lack of subject matter jurisdiction, the Court may look outside the complaint. Hence, plaintiff shall respond to the motion. The request to depose Mr. Glaser on this issue is DENIED; plaintiff may depose Robert Reale. The request for documents is GRANTED.

SO ORDERED.
[signature]
8/15/05

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

**GIBSON, DUNN & CRUTCHER LLP**

The Honorable Denny Chin
August 11, 2005
Page 2

    When I raised this issue with Your Honor at the last status conference, you directed us to first read the papers, then advise the defendants if we believed we needed discovery, and then involve the court if there was a disagreement. We appear to have reached that point.

    The defendants are refusing to give us a deposition of the executive most knowledgeable on these questions, Robert Glaser. We respectfully ask either that the court deny the motion, or extend our time to oppose it until 30 days after Mr. Glaser is deposed.

                              Respectfully,

                              Mitchell A. Karlan

MAK:els

cc:    Chester Salomon, Esq. (Via Facsimile)

80337574_1.DOC