# Exhibit F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- -X

EUGENIA VI VENTURE HOLDINGS, LTD.,

            Plaintiff,

      - against -

SURINDER **CHABRA**, NARINDER CHABRA,
and PARVINDER CHABRA,

           Defendants,

     - and -

**RELATED CASES** 05 Civ. 5330,
05 Civ. 5635, and 05 Civ, 5816.

      - -x

<u>**MEMORANJIpM DECISION**</u>

05 Civ. 5277 (DC)

**APPEARANCES:**

GIBSON, DUNN & CRUTCHER JLP
Attorneys for Plaintiff
    By:  Mitchell A. Karlan, Esq.
200 Park Avenue
New York, NY 10166

NOVAK & **JUHASE**
Attorneys for Chabra Defendants
    By:  Kim Steven Juhase, **Esq.**
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068

PODVEY, MEANOR, CATENACCI, HILDNER,
COCOZIELLO & CHATTMAN
Attorneys for Defendant Reale
    By:  Douglas E. Motzenbecker, Esq.
One Riverfront Plaza, 8th Floor
Newark, NJ 07102

**CHIN, D.J.**

      In these four related cases, which were brought

pursuant to the alienage jurisdiction provision of the diversity

statute, plaintiff Eugenia VI Venture Holdings, Ltd. ("Eugenia"),

alleges breach of fiduciary duty and fraud. Defendants Surinder

Chabra, Narinder Chabra, and Parvinder Chabra in case numbers 05

Civ. 5277 and 05 Civ. 5330 and defendant Robert Reale in case

numbers 05 **Civ. 5816** and **05 Civ. 7262** move **to** dismiss the

complaints for lack of subject matter jurisdiction pursuant to

Rule 12(b) **(1)** of the Federal Rules of Civil Procedure. ' They

contend that Eugenia's principal place of business is New York,

not the Cayman Islands as Eugenia asserts, and that consequently

complete diversity **does** not exist, for defendants **are** New York

residents.

      For the reasons set forth below, I hold, on the present

record, that there is complete diversity of citizenship between

the plaintiff and all defendants in each action. Accordingly,

the motions are denied without prejudice to renewal after the

completion of discovery.

**STATEMENT OF THE CASE**

**A.    The Facts**

      As alleged in the complaints and set forth in documents

submitted in support of and opposition to the motions, the facts

are as follows:

    1.    **The Parties**

      Eugenia is a private investment company organized under

the laws of the Cayman Islands and, according to the complaint,

its principal place of business is the Cayman Islands.    (Am.

---

    '    In addition to these four cases, Eugenia has filed four!
other related cases, docket numbers 05 Civ. 5362,  05 Civ. 5397,
05 Civ. 7262, and 05 Civ. 7810,  in which the defendants have not
filed motions to dismiss.

- 2-

Compl. ¶ 2; Le Sueur Decl. ¶ 2).[2]  Surinder Chabra, Narinder
Chabra, and Parvinder Chabra are or were officers and/or
shareholders of AMC Computer Corp. ("AMC"). (Am. Compl. ¶¶ 3-5).
Reale is a former director and officer of AMC as well. (Reale
Compl. ¶ 3).[3]  Nominal defendant AMC is a corporation organized
under the laws of New York with its principal place of business
in New York. (Am. Compl. 5330[4] ¶ 6). The Chabras and Reale are
residents of New York. (Am. Compl. ¶¶ 3-5; Reale Compl. ¶ 3).

        2.    **The Loans**

            On January 30, 2003, Eugenia and AMC entered into an
Amended and Restated Credit Agreement (the "Agreement") pursuant
to which Eugenia lent funds to AMC.    (Le Sueur Decl.  ¶ 4; Am.
Compl. ¶ 4).   The loans were secured by plaintiff's first
priority lien on substantially all of AMC's personal property,
including its inventory, accounts and receivables, and proceeds.
(Am. Compl. ¶ 8). The Agreement required AMC to repay the loans
through the Northern Trust Company in Chicago, Illinois, (Le
Sueur Decl. ¶ 4).   On May 5, 2005, AMC's board of directors
informed plaintiff that defendants had submitted falsified

---

        [2]    References to "Am. Compl." are to the amended complaint
filed in docket number 05 Civ. 5277. For purposes of this
motion, the allegations in the complaints in 05 Civ. 5330, 05
Civ. 5635, and 05 Civ, 5816 are substantially similar.
Accordingly, unless otherwise noted, I cite to the amended
complaint in 05 Civ. 5277.

        [3]    References to "Reale Compl." are to the complaint filed
in docket number 05 Civ. 5816.

        [4]    References to "Am. Compl. 5330" are to the amended
complaint filed in docket number 05 Civ. 5330.

- 3 -

Case 1:07-cv-09417-DAB     Document 21-8     Filed 12/11/2007     Page 5 of 11

borrowing base certificates to fraudulently obtain greater

funding under the Agreement. (Am. Compl. ¶ 12). Plaintiff

alleges that AMC owes it approximately $15 million under the

Agreement.    (Reale Compl. ¶ 11; *Am.* Compl. *¶ 14)*.

## B.    Prior Proceedings

Plaintiff filed these actions against the Chabras on

June 3, 2005, and June 6, 2005, and against Reale on June 16,

2005, and June 22, 2005, asserting claims against them for fraud

and breach of fiduciary duty. These motions **followed.**

Defendants contend that, although Eugenia was

incorporated in the *Cayman* Islands, it has **its** principal place of

business in New York, making it *a* citizen of that state.  They

argue further that, because defendants are citizens of New York,

complete diversity of citizenship is lacking, and the complaint

must therefore be dismissed for lack of subject matter

jurisdiction,  Plaintiff, on the other hand, maintains that its

principal place of business is the Cayman Islands. Resolution of

this motion thus turns on a single issue: whether Eugenia's

principal place of business is New York or the Cayman Islands.

## C.    Eugenia's Principal Place of Business

In opposition to the motion to dismiss, plaintiff

submits the sworn declaration of Ben he Sueur, a director of

Eugenia, who states under penalty of perjury that Eugenia's

principal place of business is the Cayman Islands. (P1. Opp. Ex.

A).  he Sueur further states that Eugenia holds meetings for its

board of directors in the Cayman Islands and stores its legal and

corporate records there. (Le Sueur Decl. ¶ 8). Its bank
accounts are located in the Cayman Islands and the United States
and are controlled by Bessemer Trust Company (Cayman) Limited
("Bessemer Trust Cayman").    (id. ¶ 9).    Additionally, certain
officers of Bessemer Trust Cayman are directors of plaintiff.
(Id. ¶ 7). These officers are responsible for Eugenia's
investment decisions and its policies and procedures. (Id. ).

    Eugenia does not directly own any real property for
business operations and does not have facilities for production,
purchase, or storage of products or supplies.    (Id. ¶ 6).
Rather, it owns a portfolio of investments, cash in bank
accounts, and interests in loans in North America, the Cayman
Islands, and Japan.    (Id. ¶ 3).    Additionally, Eugenia does not
have any employees, and none of its directors reside in the
United States.    (Id. ¶ 7).

    All of defendants' dealings with Eugenia, however, took
place in New York. (Chabra Affirm. ¶¶ 4-10). For example, the
Agreement was negotiated in New York and all notices under the
Agreement were to be sent to Eugenia care of Eagle Advisors at
299 Park Avenue, 24th floor, New York, New York.    (Id. ¶ 4).
Additionally, plaintiff entered into an agreement with AMC as
"Eagle Advisors/Eugenia," under which AMC agreed to install and
configure a network infrastructure for Eagle Advisors/Eugenia.
(Icy ¶ 7). Plaintiff's mailing address in the Cayman Islands is
care of Bessemer Trust Cayman.    (Id. ¶ 8). Eugenia does not deny,
that its dealings with AMC took place primarily in New York, but

12/05/2005 11:00 FAX  212 805 7306            JUDGE CHIN'S CHAMBERS                        Ij007/011

instead states that the Agreement is only one of its many

worldwide investments. (Le Sueur Decl. ¶ 5).

### DISCUSSION

**A.    Applicable Law**

    1.    **Fed. R. Civ. P. 12 (b) (1)**

        A plaintiff invoking federal jurisdiction must include

in its pleadings "a short and plain statement of the grounds upon

which the court's jurisdiction depends." Fed. R. Civ. P.

8(a)(1).  Eugenia has pled that all defendants are citizens of

New York and that it is a citizen of the Cayman Islands, thereby

satisfying the pleading requirement. (Am. Compl, ¶¶ 2-5; Reale

Compl. ¶ 3). Defendants now present a factual challenge to

Eugenia's stated basis for subject matter jurisdiction.

        In considering a motion to dismiss for lack of subject

matter jurisdiction under Rule 12(b)(1), federal courts "need not

accept **as** true contested jurisdictional allegations." Jarvis v.

Cardillo, No. 98 Civ. 5793 (RWS), 1999 WL 187205, at *2 (S.D.N.Y.

Apr. 5, 1999). Rather, a court may resolve disputed

jurisdictional facts by referring to evidence outside the

pleadings.  See Zappia Middle E. Constr. Co. v. Emirate of Abu

Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Filetech S.A. v. France

Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998). As the party

"seeking to invoke the subject matter jurisdiction of the

district court," Scelsa v. Cif Univ. of New York, 76 F.3d 37, 40

(2d Cir. 1996), the plaintiff bears the burden of demonstrating

by a preponderance of the evidence that there is subject matter
jurisdiction in the case.   Aurecchione v. Schoolman Transp. Sva.,
Inc.,,,, 426 F.3d 635, 638 (2d Cir. 2005). Though "no presumptive
truthfulness attaches to the complaint's jurisdictional
allegations," Guadagno v. Wallack der Levithan Assoc., 932 F.
Supp. 94, 95 (S.D.N.Y. 1996), a court should "'constru[e] all
ambiguities and draw[] all inferences' in a plaintiff's favor."
Aurecchione, 426 F.3d at 638 (quoting Xakarova v. United States,
201 F,3d 110, 113 (2d Cir. 2000), and citing Scheuer v. Rhodes,
416 U.S. 232, 236 (1974) ("[I]t is well established that, in
passing on a motion to dismiss .     . on the **ground** of lack of
jurisdiction over the subject matter . . . , the allegations of
the complaint should be construed favorably to the pleader.")).

    For purposes of diversity jurisdiction, a corporation
is "deemed to be a citizen of any State by which **is** has been
incorporated and of the State where it has its principal place of
business."   28 U.S.C. § 1332(c)(1). [5] Defendants do not contest
that Eugenia was incorporated under the laws of the Cayman
Islands.   (Chabra Affirm. ¶ 2). Defendants argue, however, that
Eugenia's principal place of business is New York.

    The Second Circuit recognizes two tests for determining
the principal place of business **of** a corporation. Where a
corporation's activities are decentralized and spread across

---

[5]    This Court has held that § 1332(c) applies to foreign
corporations, i.e., corporations incorporated abroad.   See
Crea iones Con Idea, S.A. DE C.V. v. Mashregbank PSC, 75 F. Supp.
2d 279, 281 (S.D.N.Y. 1999); Carmania Corp. N.V. v. H.mbrecht
Terrell Irrt'l, 758 F. Supp. 896, 898 (S.D.N.Y. 1991).

numerous states, courts apply what is known as the "nerve center"
test.  R.G. Barry Corp. v. Mushr 000mMakers, Inc.. 612 F.2d 651,
655 (2d Cir. 1979). Under the nerve center test, courts focus on
those factors that identify where the corporation's overall
policy originates.  Id. at 655. In contrast, where a
corporation's activities are centralized, courts apply the "place
of operations" or "locus of operations" teat to determine a
corporation's principal place of business.  Center for Radio
Information, Inc. v. Herbst, 876 F. Supp. 523, 525 (S.D.N.Y.
1995).  Under this test, a corporation's principal place of
business is the location in which the corporation has its most
extensive contacts with, or its greatest impact on, the general
public.  R.G. Barry Corte.. 612 F.2d at 655. Where, as here, a
corporation does not sell a service or product, the "nerve
center" test may be the more accurate test to determine the
location of the corporation's principal place of business.
Danbury Bowlarama Corp. v. RCA Corp.. 414 F. Supp. 354, 357
(S.D.N.Y. 1976).

B.    **Analysis**

As Eugenia does not sell services or products, I apply
the "nerve center" test. Based on the current record, I conclude
that Eugenia's principal place of business is the Cayman Islands,
for the following reasons:

First, Eugenia's "nerve center" is in the Cayman
Islands.  Its board of directors meets there and its books and
records are maintained there. It has bank accounts and

- 8-

investments there.   It appears to be controlled, at least in part, by Bessemer Trust Cayman -- Bessemer Trust Cayman controls Eugenia's bank accounts, and certain Bessemer Trust Cayman officers are directors of Eugenia -- and Bessemer Trust Cayman appears to be located in the Cayman Islands. (Le Sueur Decl. ¶ 7; Chabra Affirm. ¶ 8). Le Sueur, a director **of Eugenia** with personal knowledge, attests to these facts under penalty **of** perjury and swears that Eugenia's principal place of business is indeed the Cayman Islands.

Second, defendants have offered little to contradict Eugenia's sworn assertions,   Even assuming all of defendants' dealings with Eugenia and all negotiations relating to the Agreement took place in New York, that does not mean that Eugenia's principal place of business is here. Obviously, an entity can do business in New York and still have its principal place of business elsewhere, The Agreement is not Eugenia's only investment.

Third, although it is true that Le Sueur'e declaration is ambiguously worded in some respects -- the references to assets in "North America," for example, carefully avoid revealing whether the assets are in New York -- defendants' speculation and surmise are not enough. At this juncture, all ambiguities must be construed and all reasonable inferences must be drawn in Eugenia's favor.  Aurec hione     Schoolman     ans 426 F.3d 635, 638  (2d Cir. 2005) (citations omitted).   Although the record is sparse, it is sufficient, and I hold that Eugenia's

- 9 -

principal place of business is the Cayman Islands. Therefore, there is complete diversity of citizenship between plaintiff and all defendants in these lawsuits.

## CONCLUSION

For the reasons set forth above, defendants' motions to dismiss for lack of subject matter jurisdiction are hereby denied, without prejudice to renewal following the completion of discovery if defendants believe, in good faith, that discovery shows that Eugenia's principal place of business is actually New York.

SO ORDERED.

Dated:    New York, New York
          December 5, 2005

                                    ✓~  DENNY CHIN
                                        United States District Judge