```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - x
EUGENIA VI VENTURE HOLDINGS,        :
LTD.                                :
                                    :
        Plaintiff,                  :
                                    :   Index No. 600021/06
    -against-                       :
                                    :   COMPLAINT
MAPLEWOOD EQUITY PARTNERS LP,       :
                                    :
        Defendant.                  :   Date filed: 1/4/06
                                    :
- - - - - - - - - - - - - - - - - - x
```

Plaintiff Eugenia VI Venture Holdings, Ltd., by its attorneys, Gibson, Dunn & Crutcher LLP, for its Complaint against defendant MapleWood Equity Partners LP, alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for declaratory judgment and to enforce against defendant the obligations of two companies that defendant controls and which are alter egos and/or instrumentalities of defendant.

2.  Plaintiff made loans to AMC Computer Corp. ("AMC") which, in turn, were guaranteed by two companies, AMC Investors I LLC and AMC Investors II LLC (together the "AMC Investors"). AMC defaulted on its loans, and plaintiff commenced an action against the AMC Investors for payment of the guaranty. However, the AMC Investors are not able to satisfy their obligations.

For the reasons set forth below, defendant is liable for the AMC Investors' debts, including their guaranty of AMC's obligations to plaintiff.

## THE PARTIES

3. Plaintiff is a company organized under the laws of the British Virgin Islands, with its principal place of business in the Cayman Islands.

4. Defendant is a limited partnership organized under the laws of Delaware, with its principal place of business in Florida.

5. Defendant owns approximately 56% of the membership interests in AMC Investors LLC, and approximately 70% of the membership interests in AMC Investors II LLC.

6. MapleWood Management LP is defendant's general partner and limited partner. MapleWood Management LP also is the manager of the AMC Investors.

## VENUE

7. Venue is proper in this Court pursuant to CPLR 503.

## FACTUAL ALLEGATIONS

A. The AMC Investors' Obligations to Plaintiff

8. Defendant is an investment fund for U.S. investors, and AMC is a portfolio company in which defendant has invested.

9. Pursuant to an Amended and Restated Credit Agreement (the "Credit Agreement"), dated as of January 30, 2003, among

AMC, the AMC Investors, AMC Computer Corp. (NJ), and plaintiff, plaintiff made millions of dollars in loans to AMC. Pursuant to a guaranty agreement (the "Guaranty"), dated as of January 30, 2003, the AMC Investors unconditionally guaranteed to plaintiff the immediate payment and performance of all obligations of AMC under the Credit Agreement.

10. AMC is in default of the Credit Agreement and such default is continuing. In September 2005, plaintiff commenced an action in this Court against the AMC Investors captioned *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC and AMC Investors II LLC*, Index No. 603195/05, for payment of the Guaranty.

11. The AMC Investors have no assets of value, are insolvent, and are unable to satisfy their obligations to plaintiff under the Guaranty.

B.  **The Alter Ego Relationship Between Defendant and the AMC Investors**

12. Through its ownership interests in the AMC Investors, defendant effectively controlled the AMC Investors.

13. Upon information and belief, at all relevant times, defendant and the AMC Investors did not observe corporate formalities and did not maintain proper corporate records. The AMC Investors did not have any employees, operations or business.

14. At all relevant times, defendant failed to adequately capitalize the AMC Investors for their businesses, purposes, and potential liabilities, including the Guaranty. The AMC Investors had no assets, revenues or income, and no paid in capital.

### FIRST CAUSE OF ACTION
#### (Alter Ego/Misuse of Corporate Form)

15. Plaintiff repeats the allegations of paragraphs 1 through 14 above as if set forth here in full.

16. Defendant, the holder of controlling membership interests in the AMC Investors, exercised complete domination and control over the AMC Investors.

17. Defendant and the AMC Investors operated as a single economic entity.

18. The AMC Investors acted as the alter egos and/or instrumentalities of defendant.

19. The AMC Investors were inadequately capitalized for their intended business purposes and potential liabilities, including the Guaranty.

20. Defendant abused the AMC Investors' corporate forms with the intent to avoid liability to plaintiff for AMC's obligations under the Guaranty. Defendant's fraud worked an injustice on plaintiff and caused plaintiff to lose millions of dollars.

21. Defendant is liable for the full amount of the AMC Investors' obligations to plaintiff under the Guaranty and/or Credit Agreement.

## SECOND CAUSE OF ACTION
(Declaratory Judgment)

22. Plaintiff repeats and realleges paragraphs 1 through 21 above, as if set forth here in full.

23. Defendant, through its actions, abused the AMC Investors' corporate forms to avoid liability to plaintiff under the Guaranty and/or Credit Agreement. The AMC Investors are the mere alter egos and/or instrumentalities of defendant. Moreover, the AMC Investors have no assets of value, are insolvent, and are unable to satisfy their obligations to plaintiff. Accordingly, defendant is liable for the AMC Investors' obligations, including their obligations to plaintiff under the Guaranty.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully demands that judgment be entered in its favor and against defendant:

(a) declaring that defendant is liable to plaintiff for the AMC Investors' obligations to plaintiff;

(b) awarding plaintiff damages in an amount to be determined at trial, plus interest as provided by law;

(c) for costs of this proceeding and reasonable attorneys' fees; and

(d) awarding such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         January 4, 2006

                                    Respectfully submitted,

                                    GIBSON, DUNN & CRUTCHER LLP

                                    By: _____
                                        Mitchell A. Karlan
                                        200 Park Avenue
                                        47th Floor
                                        New York, New York 10166-0193
                                        Telephone: (212) 351-4000
                                        Facsimile: (212) 351-4035

80346732_5.DOC